UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

ADNAN SHEIKH,

                           Plaintiff,

                -against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, JUSTIN J. LOGERFO, individually and in
his official capacity, THOMAS J. GOODRICH, individually
and in his official capacity, NICHOLAS G. VILLANUEVA,
individually and in his official capacity, JOHN DOES #1-10
(representing as yet unknown and unidentified members of
the Nassau County Police Department), individually and in
their official capacities, NASSAU COUNTY DISTRICT
ATTORNEY'S OFFICE, and JOHN DOES #11-20
(representing as yet unknown and unidentified members of
the Nassau County District Attorney's Office), individually
and in their official capacities,

                           Defendants.

---------------------------------------------------------------------- X

**DOCKET NO.:**

**COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiff ADNAN SHEIKH ("SHEIKH" and/or "Plaintiff"), by his attorneys, Horn Wright,

LLP, complaining of Defendants, COUNTY OF NASSAU, NASSAU COUNTY POLICE

DEPRTMENT, JUSTIN J. LOGERFO, individually and in his official capacity, THOMAS J.

GOODRICH, individually and in his official capacity, NICHOLAS G. VILLANUEVA,

individually and in his official capacity, JOHN DOES #1-10 (representing as yet unknown and

unidentified members of the Nassau County Police Department), individually and in their official

capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, and JOHN DOES #11-20

(representing as yet unknown and unidentified members of the Nassau County District Attorney's

Office) individually and in their official capacities, alleges as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights action for money damages against Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, JUSTIN J. LOGERFO, individually and in his official capacity, THOMAS J. GOODRICH, individually and in his official capacity, NICHOLAS G. VILLANUEVA, individually and in his official capacity, JOHN DOES #1-10 (representing as yet unknown and unidentified members of the Nassau County Police Department), individually and in their official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, and JOHN DOES #11-20 (representing as yet unknown and unidentified members of the Nassau County District Attorney's Office) individually and in their official capacities, for committing acts under color of law and depriving Plaintiff SHEIKH of his rights secured by the Fourth and Fourteenth Amendments of the Constitution and laws of the United States.

2.      Plaintiff seeks damages, both compensatory and punitive, award of costs, interest, attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

3.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1983 and by 28 U.S.C. §§ 1331 and 1343(3) and (4) of the aforementioned Constitutional provisions.

## VENUE

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the County of Nassau, the actual place of employment of all of the Individual Defendants is the County of Nassau in the Eastern District of New York, and the County of Nassau is within the jurisdiction

of the Eastern District of New York. Additionally, Plaintiff resides within the County of Nassau in the Eastern District of New York.

## THE PARTIES

5.     Plaintiff ADNAN SHEIKH is a resident of the United States who lives within the Eastern District of New York.

6.     Upon information and belief, at all relevant times described herein, Defendant COUNTY OF NASSAU ("COUNTY") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

7.     Upon information and belief, at all relevant times described herein, Defendant COUNTY, by its agents and/or employees, operated, maintained, and controlled the NASSAU COUNTY POLICE DEPARTMENT ("NCPD"), including all police officers, detectives, and supervisors thereof, and has an address at 1490 Franklin Avenue, Mineola, New York 11501.

8.     Defendant JUSTIN J. LOGERFO ("LOGERFO"), upon information and belief, is a police officer with the NCPD who is being sued in his individual and official capacities and is an employee of Defendants COUNTY and NCPD. Upon information and belief, at all relevant times described herein, Defendant LOGERFO was acting under color of state law within the scope of his employment as a police officer with NCPD.

9.     Defendant THOMAS J. GOODRICH ("GOODRICH"), upon information and belief, is a Detective with the NCPD. GOODRICH, who is being sued in his individual and official capacities, is an employee of Defendants COUNTY and NCPD. Upon information and belief, at all relevant times described herein, Defendant GOODRICH was acting under color of state law within the scope of his employment as a detective with NCPD.

10. Defendant NICHOLAS G. VILLANUEVA ("VILLANUEVA"), upon information and belief, is a police officer with the NCPD who is being sued in his individual and official capacities and is an employee of Defendants COUNTY and NCPD. Upon information and belief, at all relevant times described herein, Defendant VILLANUEVA was acting under color of state law within the scope of his employment as a police officer with NCPD.

11. Upon information and belief, Defendant JOHN DOES #1-10 ("PD DOES") are members of NCPD who are being sued in their individual and official capacities and are employed by Defendants COUNTY and NCPD. Upon information and belief, at all relevant times described herein, PD DOES were acting under color of state law within the scope of their employment as members of the Nassau County Police Department and employed by Defendant County.

12. Upon information and belief, Defendant NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE ("NCDAO") was and continues to be a subdivision and/or agency of Defendant COUNTY and has an office at 262 Old County Road, Mineola, New York 11501.

13. Upon information and belief, Defendant JOHN DOES #11-20 ("ADA DOES") are members of the Nassau County District Attorney's Office ("NCDAO") who are being sued in their individual and official capacities and are employed by Defendants COUNTY and NCDAO. Upon information and belief, at all relevant times described herein, ADA DOES were acting under color of state law within the scope of their employment as members of NCDAO and employed by Defendants COUNTY and NCDAO.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

14. Plaintiff served a Notice of Claim upon COUNTY on January 9, 2023, within ninety days of the events giving rise to his claims.

15.     On April 26, 2024, Plaintiff SHEIKH appeared for an examination pursuant to § 50-h of the New York General Municipal Law.

16.     More than thirty days have elapsed since Plaintiff served his Notice of Claim and COUNTY has not offered adjustment or payment thereof.

## NATURE OF THE CASE

17.     This is an action seeking recovery for deprivation of Plaintiff's civil rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution committed by the above-named municipal Defendants.

18.     Plaintiff SHEIKH was subjected to arrest, criminal charges, and commencement of criminal proceedings based on perjurious testimony, material misrepresentations, and fabricated evidence presented by Defendants at the Nassau County District Court, Criminal Part, Hempstead, New York on or about April 26, 2023, and the filing of misdemeanor information on or about April 27, 2023.

19.     The criminal proceedings were favorably terminated on or about October 12, 2023.

20.     Plaintiff was subjected to degrading and abusive treatment, unlawful search, unlawful arrest, malicious prosecution, denial of his right to familial association, unlawful detention, illegal restraint, an unlawful disruption of familial relations, and violation of his substantive and procedural due process rights under the laws of the United States.

## FACTUAL ALLEGATIONS

21.     Plaintiff SHEIKH is a 47-year-old man who is employed as a senior lead asset manager. Plaintiff SHEIKH has two (2) children.

22.     On the date and time of the incident, Mr. SHEIKH was married to Sadia Sheikh ("Sadia") and they both resided at the marital residence located in New Hyde Park, New York, with their two (2) children.

23.     Mr. SHEIKH and his wife had resided at the same address in New Hyde Park, Nassau County, New York for approximately seven years.

24.     On the date and time of this incident, Mr. SHEIKH and Sadia were engaged in a contested matrimonial litigation.

25.     Mr. SHEIKH and Sadia's matrimonial litigation involved, *inter alia,* issues of custody and parenting time of their two (2) children. Relevant to such inquiry, which utilizes the extremely broad and all-encompassing standard "best interest of the child," is the home life of the parties and their children.

26.     On or about April 26, 2023, Plaintiff was at his then marital residence located in New Hyde Park, New York when Defendants LOGERFO, VILLANUEVA, and/or PO DOES arrived.

27.     Upon information and belief, on or about April 26, 2024, Sadia went to the Nassau County Police Department 3rd Precinct regarding a purported verbal dispute with Plaintiff that occurred on April 22, 2024.

28.     Sadia complained that she and Plaintiff got into a verbal dispute on or about April 22, 2024 because Plaintiff wanted to give their son Advil PM. Sadia purported that Plaintiff pushed her in the face with an open hand and then took the phone away to prevent her from calling 911.

29.     In reality, Sadia had attempted to commit suicide and Plaintiff prevented her from consuming a massive amount of Advil by grabbing Sadia's wrists. Sadia then called 911 and hung up.

30.     Upon information and belief, individually named Defendants contacted ADA DOES at the Early Case Assessment Bureau ("ECAB") of the NCDAO.

31.     Upon information and belief, Defendants ADA DOES, LOGERFO, GOODRICH, VILLANUEVA, and/or PO DOES, after conferring, decided without any factual or legal basis, to arrest and charge Plaintiff with two counts of Criminal Mischief in 4th Degree in violation of NY PL § 145.00 (04)B.

32.     NY PL § 145.00 (04)B states as follows:

A person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he or she has such right, he or she:

4. With intent to prevent a person from communicating a request for emergency assistance, intentionally disables or removes telephonic, TTY or similar communication sending equipment while that person: (b) is attempting to seek or is engaged in the process of seeking emergency assistance from another person or entity in order to protect himself, herself or a third person from imminent physical injury. The fact that the defendant has an ownership interest in such equipment shall not be a defense to a charge pursuant to this subdivision.

33.     Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him.

34.     That, in detaining Plaintiff without a fair and reliable determination of probable cause, Defendants abused their power and authority as policymakers of the NCPD and NCDAO under the color of State and/or local law. It is alleged that Defendant COUNTY, via its agents, servants, and employees, routinely charged persons with crimes they did not commit.  Plaintiff was but one of those persons.

35.     Defendants, without any investigation and/or basis, unlawfully arrested and interrogated Plaintiff.

36.     On or about April 26, 2023 at approximately 11:05 p.m., Defendants arrested Plaintiff at his home in front of the neighbors while his children were home and transported him to the 3rd Precinct for processing. All the while Defendants knew that Plaintiff SHEIKH was completely innocent and there was no probable cause to arrest Plaintiff.

37.     Upon information and belief, Plaintiff was thereafter transported to NCPD headquarters where he was further processed and placed in a holding cell and kept overnight until arraignment the next day.

38.     Plaintiff was arraigned on May 18, 2023 and charged with two counts of Criminal Mischief in 4th Degree in violation of NY PL § 145.00 (04)B, Class A Misdemeanor. Plaintiff was released on his own recognizance.

39.     Defendant GOODRICH signed the accusatory instrument for the prosecution of Plaintiff SHEIKH, dated April 27, 2023.

40.     Defendants had no evidence to substantiate the charges. The prosecution of Plaintiff was continued with malice.

41.     The prosecution of Plaintiff was continued after probable cause was vitiated. In point of fact, Defendants all along had irrefutable evidence of Plaintiff's innocence via Plaintiff's audio recordings. Mr. SHEIKH repeatedly offered to show Defendants LOGERFO, GOODRICH, VILLANUEVA, and/or PO DOES the audio which unequivocally demonstrated that Sadia had lied. Despite this, Mr. SHEIKH was arrested and his prosecution was continued, despite knowledge that such arrest and prosecution was unlawful and in violation of Plaintiff's rights.

42.     Defendants had in their possession all of the information which would have exculpated Plaintiff from the onset.

43.     Plaintiff SHEIKH's prosecution continued after there was no longer probable cause

to believe that Plaintiff had any involvement in any of the alleged and charged crimes. The prosecution was continued solely to cover-up Defendants' unlawful and unconstitutional conduct.

44.     As a result of the malicious prosecution, *inter alia*, Plaintiff SHEIKH was required to pay for the services of a criminal defense attorney at a substantial cost to him. Information about the arrest and/or prosecution was intentionally and maliciously released to the public, impugning Plaintiff's reputation and causing Plaintiff shame and humiliation. Plaintiff was further caused to report his arrest and prosecution to his employer which caused embarrassment, loss of standing and reputation with his employer, as well as placed unnecessary strain on his relationship with his employer.

45.     Plaintiff was required to appear in court multiple times after Defendants had incontrovertible evidence that Plaintiff was not involved in the alleged crimes he was arrested and charged with.

46.     Plaintiff SHEIKH's prosecution terminated on or about October 12, 2023, when all charges were dismissed.

### AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 – False Arrest
(*Against Defendants COUNTY, LOGERFO, GOODRICH, VILLANUEVA, and PD DOES*)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

48.     That the aforesaid arrest and imprisonment of Plaintiff by Defendants was under the color of State Law, without any reasonable cause or belief that Plaintiff was in fact guilty of the crime for which he was charged.

49.     That said Defendants, their agents, servants, and employees, falsely arrested and illegally imprisoned Plaintiff and intentionally subjected Plaintiff to confinement which Plaintiff was conscious of, and said confinement was not otherwise privileged or consented to by Plaintiff.

50.     That by reason of the aforesaid unlawful arrest and imprisonment, caused willfully and maliciously by Defendants, their agents, servants, or employees, Plaintiff was wrongfully deprived of his rights and privileges and benefits as provided to him under the Constitution of the United States of America, was subjected to pain and suffering, great indignities, ridicule, scorn, loss of freedom, humiliation, mental distress, was prevented from attending his usual activities, was injured in his reputation in the community, and was further caused to incur monetary expense, including legal fees.

51.     That the aforesaid false arrest and imprisonment of Plaintiff violated the Fourth and Fourteenth Amendments of the United States Constitution.

52.     That Defendants committed the foregoing acts willfully and with malicious disregard for Plaintiff's rights and are, therefore, liable to Plaintiff for compensatory as well as punitive damages.

53.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff SHEIKH was greatly humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages, attorney's fees, and costs.

**AS AND FOR A SECOND COUNT**
**42 U.S.C. § 1983 – Malicious Prosecution**
**(*Against All Defendants*)**

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

55.     That Defendants instituted and continued the criminal proceedings against Plaintiff in the absence of any probable cause and/or evidence for said prosecution.

56.     That the prosecution against Plaintiff was with malice.

57.     That the dismissal against Plaintiff was a favorable termination in favor of Plaintiff.

58.     That said malicious prosecution of Plaintiff by Defendants constitutes a deprivation of Plaintiff's Fourth and Fourteenth Amendment Constitutional rights.

59.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff SHEIKH was greatly humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages, attorney's fees, and costs.

**AS AND FOR A THIRD COUNT**
**42 U.S.C. § 1983 – Failure to Intervene**
**(*Against All Defendants*)**

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

61.     On or about April 26, 2023, Plaintiff was subjected to false arrest and unlawful search and seizure of Plaintiff's person and home at the hands of Defendants.

62.     Despite Defendants having irrefutable evidence of Plaintiff's innocence, Defendants nonetheless arrested Plaintiff.

63.     Each of the Defendants knew and/or deliberatively ignored the fact that the false accusations, detainment, false arrest, seizure, and illegal search of Plaintiff's home violated the rights guaranteed to Plaintiff under the Fourth and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983.

64.     Each of the said Defendants had the authority, ability, and concurrent duty under 42 U.S.C. § 1983 to prevent the false arrest, wrongful detainment, and illegal search of Plaintiff, yet neglected to prevent said violations from occurring and, further, failed to intervene to protect or aid Plaintiff when such violations did, in fact, occur.

65.     Specifically, each and every one of the Defendants had the opportunity and responsibility to prevent the wrongful detainment and abuse of process against Plaintiff because each Defendant had actual notice of the wrongful actions of the other Defendants at the scene of the incident.

66.     Defendants had the power to prevent the continued due process violations against Plaintiff yet failed to prevent or dismiss the unlawful charges against Plaintiff, or to protect Plaintiff from the unwarranted penalties that followed from the charges against him.

67.     As a direct consequence of the actions of Defendants acting in furtherance of their duties as agents of their respective municipalities and agencies, Plaintiff suffered injuries, including but not limited to, stigmatizations, embarrassment, loss of liberty, and the infringement of his rights guaranteed to him under the U.S. Constitution.

68.     As a direct consequence of the actions of Defendants, Plaintiff SHEIKH suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, damage to his name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

69.     That, by reason of the foregoing, Plaintiff SHEIKH suffered and continues to suffer irreparable injury and monetary damages, was greatly humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), as well as punitive damages, attorneys' fees and costs.

### AS AND FOR A FOURTH COUNT
### *Monell*
### (*Against Defendant COUNTY*)

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

**Failure to Supervise and Failure to Train**

71.     Defendant COUNTY was responsible for supervising, overseeing, and controlling its respective subordinates.

72.     Defendant COUNTY had an express and/or implied duty to provide a reasonably safe environment for its citizens, including Plaintiff. At a minimum, it had a duty to keep him from being falsely arrested and maliciously prosecuted by its employees, which was foreseeable based upon past instances of misconduct, which were known to Defendant COUNTY.

73.     Defendant COUNTY had an express and/or implied duty to provide a reasonably safe environment for its citizens, including Plaintiff. At a minimum, it had a duty to assure that its employees did not wrongfully and falsely arrest Plaintiff, which was foreseeable based upon past instances of misconduct, which were known to Defendant COUNTY.

74.     Despite having this knowledge, Defendant COUNTY failed to take any remedial measures to prevent the aforementioned violations of Plaintiff's Constitutional rights.

75.     The countenancing of this behavior created an environment within the NCPD and NCDAO wherein members were allowed to continue with their behavior, which led to the Constitutional rights of citizens being violated, including Plaintiff.

76.     Defendant COUNTY intentionally failed to adequately supervise, control, oversee, train, and/or monitor its employees and members, who had a history of engaging in official misconduct, and failed to implement measures to prevent its employees and members from conspiring with each other to cover up their official misconduct.

77.     Defendant COUNTY intentionally failed to adequately supervise, control, oversee, train, and/or monitor its employees and members from conspiring with each other to cover up their official misconduct and prevent them from continuously violating the Constitutional rights of individual citizens, including Plaintiff.

78.     Defendant COUNTY negligently hired, retained, and/or supervised its employees and members when it knew or should have known that they posed a threat to individuals.

79.     Defendant COUNTY knew or should have known of its employees and members' propensity for the conduct which caused Plaintiff's injuries, prior to the occurrence of the injuries.

80.     At all times relevant hereto, Defendants' actions were willful, wanton, malicious, reckless, and/or outrageous in their disregard for the rights and safety of Plaintiff.

81.     Defendant COUNTY was aware that there was a substantial likelihood that permitting its employees and members to carry on their regular duties would deprive the public of their civil rights, but failed to take adequate measures to resolve the wrong.

82.     Defendant COUNTY's failure and refusal to adequately investigate its employees' actions, acquiescence in Defendants' conduct, failure to take any remedial action against Defendants, allowing Defendants to remain employed as police officers and/or assistant district attorneys, gross negligence in its supervision of Defendants, and deliberate indifference to the rights of others by failing to act on information that Constitutional rights were being violated, subjects Defendant COUNTY to supervisory liability for the crime and Constitutional violations perpetrated against Plaintiff.

83.     That, by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, was greatly humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), as well as costs, attorneys' fees, and any other relief this Court may find just and proper.

**Custom, Policy, and Practice**

84.     It was the custom, policy, and practice of Defendant COUNTY to tolerate, condone, and encourage Constitutional violations, such as those alleged by Plaintiff above, by failing to properly punish, charge, reprimand, and investigate allegations and incidents of misconduct by its employees and members.

85.     Employees and members of COUNTY, such as the Individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would

not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

86.     Employees of COUNTY, such as the Individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct and, further, that they would be indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

87.     By failing to supervise, train, and reprimand such COUNTY employees and members of NCPD and NCDAO, Defendant COUNTY caused the injuries to Plaintiff through the actions and inactions of the Individual Defendants.

88.     By maintaining a *de facto* policy of automatic indemnification, Defendant COUNTY caused the injuries to Plaintiff through the actions and inactions of the Individual Defendants.

89.     It was the custom, policy, and practice of Defendant COUNTY to blatantly ignore complaints and/or widespread allegations of malfeasance in order to shield the NCPD and NCDAO from receiving any bad press that would be generated from an investigation of police misconduct and/or misconduct by assistant district attorneys.

90.     This custom, policy, and practice of Defendant COUNTY to ignore complaints and/or widespread allegations of assault and other malfeasance created an environment where foreseeable Constitutional violations by its employees and members were rampant, including the violations of Plaintiff's Constitutional rights.

91.     Defendant COUNTY's failure to take action against its employees and members involved in this incident and in other similar incidents was part of a custom, practice, and procedure

of neglect and deliberate indifference that directly caused the injuries to Plaintiff.

92.     As authorized representatives of Defendant COUNTY, the employees and members' conduct of illegal arrests or threats of arrest without probable or reasonable cause, searches and seizure of arrestees, and malicious prosecutions constituted a custom, policy, and practice which renders Defendant COUNTY liable to Plaintiff as a "Person" acting under the color of state law.

93.     Defendant COUNTY is, therefore, liable for violations of Plaintiff's Constitutional rights as caused by the Individual Defendants, as described in more detail in the foregoing paragraphs, and Plaintiff has suffered damages therefrom.

94.     That, by virtue of Defendant COUNTY's failure and refusal to adequately investigate the Individual Defendants' actions, acquiescence in the Individual Defendants' conduct, failure to take any remedial action against the Individual Defendants, allowing the Individual Defendants to remain employed, gross negligence in its supervision of the Individual Defendants, and deliberate indifference to the rights of others by failing to act on information that Constitutional rights were being violated by the Individual Defendants, Defendant COUNTY, which employed these Individual Defendants and policymakers during the relevant time period, exhibited a *de facto* custom, policy, or usage of unconstitutional conduct sufficient for the imposition of municipal liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

95.     As a proximate result of Defendant COUNTY's customs, policies, and practices for creating an environment that tolerates, encourages, and condones such Constitutional violations, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish

causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than

ONE MILLION DOLLARS ($1,000,000.00) plus attorney's fees and costs.

### AS AND FOR A FIFTH COUNT
### Pendant State Claim – Malicious Prosecution
### *(Against All Defendants)*

96.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

those paragraphs of the Complaint marked and numbered previously and/or herein with the same

force and effect as if more fully set forth at length below.

97.     Plaintiff was arraigned on or about May 18, 2023 and charged with two counts of

Criminal Mischief in 4th Degree in violation of NY PL § 145.00 (04)B, Class A Misdemeanor.

98.     As a result of the malicious prosecution, SHEIKH suffered substantial financial

loss.

99.     As a result of the false and unlawful charges, SHEIKH was required to make

multiple appearances in Court.

100.     Defendants participated in the investigations of allegations against SHEIKH, as

well as the criminal prosecution against him.

101.     The criminal prosecution was commenced despite Defendants' knowledge that

SHEIKH did not participate in the alleged crimes and that probable cause for the arrest and

initiation of the prosecution did not exist.

102.     The criminal prosecution was continued after Defendants knew that they had no

probable cause for the original arrest and/or initiation of the prosecution existed.

103.     By participating in the arrest and prosecution which they knew lacked probable

cause, Defendants acted with malice against SHEIKH.

104.     Defendants prosecuted SHEIKH with malice independent of their lack of probable

cause.

105.    The prosecution of SHEIKH was terminated favorably to him.

106.    As a result of Defendants' malicious prosecution, SHEIKH's rights were violated.

107.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus costs, attorney's fees, and any other relief this Court may find just and proper.

**AS AND FOR AN SIXTH COUNT**
**Pendant State Claim - Negligence**
(***Against All Defendants***)

108.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

109.    Defendants had a duty to prevent and cease the unlawful malicious prosecution of Plaintiff as well as a duty to hire, to train, to investigate, supervise, and discipline the Individual Defendants and prevent other wrongful acts that were committed against Plaintiff.

110.    In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and Constitutional rights of Plaintiff against malicious prosecution, and other due process violations. Said rights are guaranteed to Plaintiff by 42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendments of the Constitution.

111.    The breach of duty by Defendants was a direct and proximate cause of the harm suffered by Plaintiff. Said harm includes physical harm, pain and suffering which continues to this

day, monetary expenses, personal humiliation, damage to reputation and loss of standing in the community, and severe physical, emotional, and psychological damage.

112.    That, by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus costs, attorney's fees, and any other relief this Court may find just and proper.

**AS AND FOR A SEVENTH COUNT**
**Pendant State Claim – Negligent Hiring, Improper Supervision, and Improper Retention**
***(Against Defendants COUNTY and NCPD)***

113.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

114.    Upon information and belief, it was the custom, policy, and practice of Defendants COUNTY and NCPD to hire certain police officers, detectives, and supervisors, including Individual Defendants, without conducting the appropriate background check, investigation, and psychological evaluations.

115.    Upon information and belief, it was the custom, policy, and practice of Defendants COUNTY and NCPD to conduct inadequate investigations of police officers, detectives, and supervisor candidates as was done with the Individual Defendants.

116.    Upon information and belief, it was the custom, policy, and practice of Defendants COUNTY and NCPD to inadequately supervise the actions and conduct of police officers, detectives, and supervisors, including Individual Defendants.

117.    Upon information and belief, it was the custom, policy, and practice of Defendants COUNTY and NCPD to continue to employ police officers, detectives, and supervisors, including

Individual Defendants, after it is known that such police officers, detectives, and supervisors consistently violate the Constitutional rights of persons such as Plaintiff.

118.    These customs, policies, and practices were the moving force, proximate cause, or affirmative link behind the conduct causing Plaintiff's injuries.

119.    Defendants COUNTY and NCPD are therefore liable for violations of Plaintiff's Constitutional rights, as caused by Defendants, as described in more detail in the foregoing paragraphs, and Plaintiff has suffered damages therefrom.

120.    As a proximate result of Defendants' customs, policies and practices for negligent hiring, improper supervision, and improper retention of police officers, detectives, and supervisors, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), as well costs, attorney's fees, and any other relief this Court may find just and proper.

### AS AND FOR AN EIGHTH COUNT
### Pendant State Claim – *Respondeat Superior*
### (*Against Defendants COUNTY and NCPD*)

121.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

122.    By virtue of LOGERFO, GOODRICH, VILLANUEVA, PD DOES, and ADA DOES' employment with Defendants COUNTY and NCPD and their actions within their scope of their employment, Defendants are liable for LOGERFO, GOODRICH, VILLANUEVA, PD DOES, and ADA DOES' actions under a theory of *respondeant superior*.

123.     As a result of the above-described conduct, Plaintiff was caused to be unlawfully seized and maliciously prosecuted, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), as well costs, attorney's fees, and any other relief this Court may find just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ADNAN SHEIKH respectfully requests judgment against Defendants as follows:

A.     Under the First Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages, attorney's fees, and costs;

B.     Under the Second Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages, attorney's fees, and costs;

C.     Under the Third Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages, attorney's fees, and costs;

D.     Under the Fourth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus attorney's fees and costs;

E.     Under the Fifth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus attorney's fees and costs;

F.     Under the Sixth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus attorney's fees and costs;

G.     Under the Seventh Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus attorney's fees and costs;

H.     Under the Eighth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus attorney's fees and costs; and

I.     Such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
          September 9, 2024

Respectfully Submitted,
**HORN WRIGHT, LLP**
*Attorneys for Plaintiff Adnan Sheikh*

By:     /s/*Pablo A. Fernandez*
          Pablo A. Fernandez
          400 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Ph: 516.355.9696
          paf@hornwright.com