UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
ADNAN SHEIKH,

                            Plaintiff,

                    -against-

COUNTY OF NASSAU, JUSTIN J. LOGERFO, individually and in his official capacity, THOMAS J. GOODRICH, individually and in his official capacity, NICHOLAS G. VILLANUEVA, individually and in his official capacity, JOHN DOES #1-10 (representing as yet unknown and unidentified members of the Nassau County Police Department), individually and in their official capacities, and JOHN DOES #11-20 (representing as yet unknown and unidentified members of the Nassau County District Attorney's Office) individually and in their official capacities,

                           Defendants.
------------------------------------------------------------------------- X

**2:24-cv-06303 (JS)(SIL)**

## SETTLEMENT AGREEMENT AND COMPLETE RELEASE

**THIS SETTLEMENT AGREEMENT AND COMPLETE RELEASE** (the "Agreement") is made as of the _4th_ day of December 2025 (the "Settlement Agreement"), by and between the Plaintiff Adnan Sheikh (hereinafter referred to as "Plaintiff"), his attorneys, Horn Wright, LLP, and Defendants, County of Nassau, Justin J. Logerfo, Thomas J. Goodrich and Nicholas G. Villanueva (hereinafter the "County Defendants"), by their attorney, Thomas A. Adams, Nassau County Attorney, by Steven V. Dalton, Deputy County Attorney. Plaintiff, his attorneys, the County Defendants and their attorneys are sometimes referred to below individually as a "Party" or collectively as the "Parties.")

**WHEREAS**, Plaintiff commenced the above captioned action by the filing of his Complaint on September 9, 2024 (hereinafter referred to as the "Action" and/or "Complaint"); and

1

**WHEREAS**, Plaintiff and the County Defendants recognizing, among other things, the expenses and costs of litigation, desire to settle and terminate the Action, without any findings of wrongdoing or of liability against any party hereto.

**NOW THEREFORE**, for and in consideration of the promises, agreements, covenants and conditions herein, the adequacy and sufficiency of which are hereby expressly acknowledged by each of the parties hereto;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties and their undersigned counsel as follows:

1.	This Settlement Agreement constitutes a compromise and settlement of all claims arising from and in connection with the allegations in the Action that Plaintiff has against Justin J. Logerfo, Thomas J. Goodrich and Nicholas G. Villanueva and the County of Nassau its agencies, departments, officers, officials, agents and employees, including the Nassau County Police Department and Justin J. Logerfo, Thomas J. Goodrich and Nicholas G. Villanueva, in all matters arising out of the disputed claims set forth in this Action and involving Plaintiff. Nothing contained herein, nor any actions taken by any Party in connection herewith, shall constitute, be construed as, or be deemed to be, an admission of fault, liability or wrongdoing of any kind whatsoever, or an admission of a lack of a claim or defense on the part of any Party hereto. Each of the Parties hereto expressly denies any fault, liability, or wrongdoing, and intends merely to avoid further litigation with the other party.

2.	Each of the Parties hereto shall do all things reasonably necessary and appropriate to further effect the settlement of this Action, including, but not limited to, the execution and delivery of all appropriate documents required by this Settlement Agreement.

3. After the full execution and delivery of this Settlement Agreement and approvals set forth in paragraphs 19 and 20, the County Defendants, by the County of Nassau, shall deliver to Plaintiff a check in the amount of Thirty-Five Thousand and No Dollars ($35,000.00) made payable to "Horn Wright, LLP as Attorneys for Adnan Sheikh" in full satisfaction of all claims, fees and costs, and attorney's fees incurred by Plaintiff in initiating and pursuing the Action (the "Settlement Payment"). If and to the extent there are tax payments required to be made by Plaintiff, or any other tax consequences to Plaintiff, arising from or relating to payment of the Settlement Amount, the Plaintiff agrees to defend, indemnify, and hold the County Defendants harmless from and against any and all taxes, interest, and penalties.

4. Simultaneously with the execution of this Settlement Agreement, Plaintiff, by and through his attorneys, and counsel for the County Defendants, shall execute a Stipulation of Dismissal attached hereto as Exhibit "A" which counsel for County Defendants shall file with the Clerk of the United States District Court for the Eastern District of New York, upon issuance and clearance of the Settlement Payment.

5. The Parties and their respective counsels agree that no Party (or its, his, her or their counsel) will make any public statement that any other Party or Parties were found liable or found to have acted wrongfully in connection with the events that are the subject of this Action. Counsel for the Parties will limit any public statements or remarks about the settlement amount and negotiations leading to that settlement to the following: "The Plaintiff and the Defendants have resolved this matter to their satisfaction."

6. In consideration of the covenants undertaken herein by the County Defendants including, without limitation, the payment described in Paragraph 3 of this Agreement, and in exchange for the Settlement Payment and other valuable consideration set forth in this Settlement

Agreement, Plaintiff, for himself, his heirs, executors, administrators, successors, agents, legal representatives and assigns (collectively, the "Releasors") hereby RELEASES AND FOREVER DISCHARGES Justin J. Logerfo, Thomas J. Goodrich and Nicholas G. Villanueva, the Nassau County Police Department and the County of Nassau, its agencies, departments, officers, officials, agents and employees (collectively, the "County Releasees"), of and from all manner of actions, proceedings, causes of action, suits, debts, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, fines, judgments, claims, liabilities and demands whatsoever, whether arising at law or in equity or arising out of federal, state or city constitutions, statutes, ordinances, by-laws or regulations and all claims for attorneys' fees, costs, disbursements or the like, which the Releasors ever had, now or may have, for, or by reason of any matter, cause event or thing whatsoever, arising from and in connection with the Action from the beginning of time up to and including the date when Plaintiff executes this Settlement Agreement, except as to enforcement of the Settlement Agreement.

7.      Plaintiff intends the release provided herein to be a complete general release of all his claims to the fullest extent permissible under the law.

8.      Plaintiff represents and warrants to and in favor of the County Defendants, that he has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or claims against the County Defendants relating to the Complaint and/or the matters alleged therein. Further, Plaintiff agrees to indemnify and hold harmless the County Defendants from any claims or causes of action based on, or arising out of or in connection with, any such transfer or assignment or purported transfer or assignment, including reasonable attorneys' fees incurred by the County Defendants in the defense of such action(s).

4

9. Plaintiff agrees to hold the County Defendants harmless against any and all liens which may be asserted against this Settlement and acknowledges and agrees that he will be solely responsible for the payment of any taxes that are or may become due as a result of his receipt of the Payment provided for herein.

10. Plaintiff represents and warrants to and in favor of the County Defendants that the only attorneys who have represented him are Horn Wright, LLP and such partners and associates employed by or with them.

11. Except as to his right to enforce this Settlement Agreement, Plaintiff hereby covenants and agrees that he will not at any time hereafter commence, pursue, maintain, or prosecute any action, suit, grievance or proceeding of any kind against the Nassau County Police Department, Justin J. Logerfo, Thomas J. Goodrich and Nicholas G. Villanueva and the County of Nassau and/or Released Parties with respect to any act, omission or transaction relating to or arising from the Complaint, occurring up to and including the date of this Settlement Agreement.

12. Other than the Complaint in this Action, Plaintiff represents that he has not commenced, maintained or prosecuted any action, charge, complaint or proceeding of any kind against the Nassau County Police Department, Justin J. Logerfo, Thomas J. Goodrich and Nicholas G. Villanueva and the County of Nassau, its agencies, departments, officers, officials, agents and employees, that is currently pending in any court, or before any administrative or investigative body or agency relating to and/or arising from the matters alleged in the Complaint of this Action, and acknowledges that this representation constitutes a material inducement for the County Defendants to enter into this Settlement Agreement.

13. Plaintiff specifically represents and warrants that he has read this Settlement Agreement carefully, understands all of the terms and provisions of this Settlement Agreement (or

have had same explained to him to his satisfaction), discussed the Settlement with his attorney(s), has signed the Settlement Agreement voluntarily and of his own free will, and shall abide by its provisions without exception.

14. This Settlement Agreement constitutes the entire agreement among the Parties hereto pertaining to the subject matter hereof and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the Parties hereto with respect to the subject matter of this Settlement Agreement, replaces all prior negotiations and agreements relating to this action, whether written or oral, and may not be clarified, modified, changed or amended except in writing signed by counsel for the parties.

15. The Parties each waive, to the fullest extent permitted by law and equity, their right to a jury trial in any action between the parties arising out of this Settlement Agreement and agree that any such trial shall be in the United States District Court for the Eastern District of New York. This Settlement Agreement shall be governed by the substantive law of the State of New York, without giving effect to principles of conflict of laws.

16. This Agreement is binding upon, and shall inure to the benefit of, the Parties and their respective heirs, executors, beneficiaries, administrators, successors and assigns. By the signatures appearing below, Plaintiff and the County Defendants represent and warrant that they are authorized to enter into this Agreement and intend this Agreement to be binding and enforceable against all parties.

17. If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement and to this end, the provisions of this Agreement are declared to be severable.

6

18. This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic, facsimile and/or electronic copies of such signed counterparts may be used in lieu of the originals for any legitimate purpose.

19. (a). This Settlement Agreement shall not be binding on the County Defendants and shall not take effect until and unless all requisite approvals have been obtained, including, but not limited to: (i) those of the County Executive and where required, the County Legislature and (ii) any approvals necessary to enable the County to issue debt to finance the payment of the amounts contemplated herein, including, but not limited to, those of the County Executive, the County Legislature and where required, the Nassau County Interim Finance Authority.

(b) Plaintiff understands that counsel for the County Defendants has represented that they will make diligent efforts to submit all documents necessary for the approvals described hereinabove in a timely manner, or within thirty (30) days of delivery of the completed necessary documents to the County, whichever date is later, otherwise, the parties agree that Plaintiff may request that the Court reinstate this matter and place same on the active trial calendar without opposition.

20. NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED HEREIN, THE PARTIES EXPRESSLY AGREE AND UNDERSTAND THAT THIS SETTLEMENT SHALL NOT BE BINDING ON THE COUNTY DEFENDANTS AND SHALL NOT TAKE EFFECT UNTIL AND UNLESS ALL REQUISITE APPROVALS HAVE BEEN OBTAINED, INCLUDING, BUT NOT LIMITED TO: (A) THOSE OF THE COUNTY EXECUTIVE AND WHERE REQUIRED, THE COUNTY LEGISLATURE AND (B) ANY APPROVALS NECESSARY TO ENABLE NASSAU COUNTY TO ISSUE DEBT TO FINANCE THE PAYMENT OF THE AMOUNTS CONTEMPLATED HEREIN, INCLUDING,

BUT NOT LIMITED TO, THOSE OF THE COUNTY EXECUTIVE, THE COUNTY LEGISLATURE AND WHERE REQUIRED, THE NASSAU COUNTY INTERIM FINANCE AUTHORITY.

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound, have caused this Settlement Agreement and Release to be executed as of the dates set forth below.

**PLAINTIFF:**

_____
ADNAN SHEIKH

Sworn to before me

this ____ day of December 2025

NOTARY PUBLIC

Dated: Garden City, New York
        December ___, 2025

**ATTORNEYS FOR PLAINTIFF:**

Horn Wright, LLP

By: _____
      Pablo A. Fernandez
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Ph.: (516) 355-9696

Pablo A. Fernandez
Notary Public, State of New York
No. 02FE6083219
Qualified in Nassau County
Commission Expires November 12, 20__

Dated: Mineola, New York
        December 27, 2025
        February

**ATTORNEYS FOR DEFENDANTS:**

THOMAS A. ADAMS
Nassau County Attorney

By: _____
      Steven V. Dalton,
Deputy County Attorney
1 West Street
Mineola, New York 11501
Ph.: (516) 571-3046

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------

ADNAN SHEIKH,

<table>
<tr><td>Plaintiff,</td><td>**STIPULATION AND ORDER OF DISMISSAL**</td></tr>
</table>

-against-

COUNTY OF NASSAU, JUSTIN J. LOGERFO, individually and in his official capacity, THOMAS J. GOODRICH, individually and in his official capacity, NICHOLAS G. VILLANUEVA, individually and in his official capacity, JOHN DOES #1-10 (representing as yet unknown and unidentified members of the Nassau County Police Department), individually and in their official capacities, and JOHN DOES #11-20 (representing as yet unknown and unidentified members of the Nassau County District Attorney's Office) individually and in their official capacities,

Defendants.

----------------------------------------------------------------- X

**IT IS HEREBY STIPULATED, CONSENTED AND AGREED,** by and between the undersigned, counsel for the parties in the within action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, that the above-entitled action is dismissed with prejudice, pursuant to the terms of the parties' Settlement Agreement and Release.

Dated: December 4̸2̸, 2025

**ATTORNEYS FOR PLAINTIFF:**

HORN WRIGHT, LLP

By: _____
Pablo A. Fernandez
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Ph.: (516) 355-9696

**ATTORNEYS FOR DEFENDANTS:**

THOMAS A. ADAMS
Nassau County Attorney

By: _____
Steven V. Dalton
Deputy County Attorney
1 West Street
Mineola, New York 11501
Ph.: (516) 571-3046

**SO ORDERED:**

_____
**HON. STEVEN I. LOCKE**